**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

PENNY COTHERN                                                                                           PLAINTIFF

V.                                                                                                  NO. 3:07CV-503-JDM

CITY OF LEBANON JUNCTION, et al.                                                            DEFENDANTS

**MEMORANDUM OPINION**

The defendants have filed motions (docket nos. 34, 35, and 39) asking the court either to dismiss Ms. Cothern's claims or enter judgment in their favor because she has failed comply with this court's orders to obtain counsel and has otherwise failed to prosecute her case by, among other things, failing to respond to requests for admission. The court has reviewed the motions and, for the reasons stated herein, finds that dismissal of her claims is appropriate.

**I.**

This case was filed in federal court on September 24, 2007. It proceeded in the typical fashion until May 9, 2008, when Ms. Cothern's attorneys requested permission to withdraw as her counsel. The court granted that request on June 12, 2008. In its order, the court permitted Ms. Cothern sixty days in which to obtain new counsel and have that person enter an appearance with the court. That deadline came and went without any entry of appearance by new counsel, or any notification that Ms. Cothern intended to proceed *pro se.*

Slightly less than ninety days after the court entered its order, the City of Lebanon filed and served requests for admissions, and both defendants filed motions to dismiss. Forty-five days later, the City of Lebanon filed a motion for summary judgment based on Ms. Cothern's failure to respond to the requests for admissions. Before issuing any ruling on the substantive motions, this court offered Ms. Cothern the opportunity to show good cause for her failure to obtain new counsel or otherwise respond to the court's order. Ms. Cothern failed to respond to

the show cause order as well and, accordingly, the substantive motions are now fully ripe for adjudication.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action when a plaintiff fails to prosecute her claims or to comply with the Rules or any order of the court. *See Schaefer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Id.* (citing *Knoll v. AT & T,* 176 F.3d 359, 363 (6th Cir.1999) (brackets and internal quotation marks omitted)).

Nevertheless, the Sixth Circuit has noted that the dismissal of a claim for failure to prosecute is a "harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643(6th Cir. 2005) (internal quotation marks omitted) and *Little v. Yeutter,* 984 F.2d 160, 162 (6th Cir.1993)). Accordingly, the following four factors should guide a trial court's consideration of whether it should enter an order of dismissal for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 737 (citing *Knoll,* 176 F.3d at 363). No one of these factors is outcome dispositive, however. *Id.*

"To support a finding that a plaintiff's actions were motivated by willfulness, bad faith, or fault under the first factor, the plaintiff's conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Id.*

-2-

(internal citations omitted). The second factor, prejudice to one's adversary, is supported where the record indicates that the defendant "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Id.* (citations omitted). With respect to the third factor, the Sixth Circuit strongly encourages courts not to summarily dismiss actions without first issuing a warning and a statement of expected consequences. Lastly, the Sixth Circuit has repeatedly advised lower courts that "the sanction of dismissal is appropriate only if the party's actions amounted to failure to prosecute and no alternative sanction would protect the integrity of the pretrial process." *See, e.g., Wu*, 420 F.3d at 644.

This court does not dismiss claims for failure to prosecute frequently, or without careful consideration of the significance of its decision. In this matter, however, Ms. Cothern's actions have repeatedly displayed a lack of genuine interest in prosecuting her claims. She has failed either to obtain new counsel or to declare her intention to proceed *pro se*. In addition, she has not responded in any manner to both motions to dismiss, the requests for admissions, the motion for summary judgment, or the court's show cause order, which specifically warned her that the court was considering dismissing her case. It thus seems reasonable to assume that she no longer has any interest in pursuing her claims in this matter and to conclude that dismissal, though a harsh sanction, is nevertheless appropriate.[1]

---

[1] The court also notes that Ms. Cothern may have changed addresses during the course of this litigation and failed to inform the court, a violation of the local rules of procedure. Although the defendants, out of an abundance of caution, have sent their pleadings to Ms. Cothern at two addresses since September 23, 2008, none of the pleadings sent by the court to the address of record have been returned as undeliverable.

**III.**

With full recognition of the severity of its decision, the court finds that Ms. Cothern's failure to comply with the Federal Rules of Civil Procedure and this court's orders, and her failure to respond to the three pending substantive motions and the outstanding requests for admissions constitutes a failure to prosecute her claims. Accordingly, dismissal is warranted pursuant to Fed. R. Civ. P. 41(b). *See generally Schaefer*, 529 F.3d 731.

The court will enter an order consistent with this memorandum opinion.

DATE:


cc: counsel of record